OPINION
{¶ 1} Defendant-appellant, Michael Wengler, appeals his conviction in Warren County Court for one count of domestic violence. We affirm appellant's conviction.
 {¶ 2} In September 2005, the state charged appellant with one count of domestic violence in violation of R.C. 2919.25(A). The charge stemmed from an altercation between appellant and his wife at a wine festival in Morrow, Ohio during which appellant struck his wife. After a bench trial, the county court found appellant guilty of the domestic violence count. The court sentenced appellant to six months of non-reporting community control, and fined him $150. The court also sentenced appellant to three days in jail, which it credited as served. Appellant now appeals his conviction, assigning three errors.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN ADMITTING INADMISSIBLE HEARSAY INTO EVIDENCE."
 {¶ 5} Appellant argues that the county court erroneously allowed testimony of Morrow Police Chief Kilburn as to a statement made to him by the victim shortly after the altercation. According to Chief Kilburn's testimony, the victim told him that she was appellant's wife. Appellant argues that the excited utterance exception to the hearsay rule was erroneously applied by the county court to permit Chief Kilburn's testimony. Because the victim did not testify at trial, appellant also argues that allowing the testimony violated his Sixth Amendment right to confront witnesses against him and was contrary toCrawford v. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354.
 {¶ 6} We conclude that any error by the county court in permitting Chief Kilburn's testimony was harmless because it did not affect the outcome of the case. See State v. Brown, 100 Ohio St.3d 51,2003-Ohio-5059, ¶ 25. There is evidence in the record, other than the testimony of Chief Kilburn, establishing that the victim was appellant's wife. Brad Hutten, an eyewitness to the altercation, testified without objection as follows: "[W]hen the cops came up and they asked * * *, does it give you a right to hit your wife? And I believe he [appellant] says, 'Yes, I hit her.' That's exactly — his exact words[.]" We find that the trier of fact could have inferred from Hutten's testimony that the victim was appellant's wife, and therefore, that the victim was a "family or household member" under R.C. 2919.25(A). Accordingly, because any error by the county court was harmless, we overrule appellant's first assignment of error.
 {¶ 7} Assignment of Error No. 2:
 {¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO CRIMINAL RULE 29."
 {¶ 9} In this assignment of error, appellant argues that the evidence was insufficient for a guilty finding. Specifically, appellant asserts that Hutten did not testify as to where or how the victim was struck. Appellant also argues that the state did not establish the required familial relationship between appellant and the victim.
 {¶ 10} Our review of a claim that a conviction is not supported by sufficient evidence focuses upon whether, as a matter of law, the evidence presented at trial was legally sufficient to sustain the verdict. State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 34.
 {¶ 11} R.C. 2919.25(A), the offense for which appellant was charged and convicted, provides as follows: "No person shall knowingly cause or attempt to cause physical harm to a family or household member."
 {¶ 12} As discussed under appellant's first assignment of error, Hutten's testimony was sufficient to establish that the victim was appellant's wife. Accordingly, we must determine whether the state proved that appellant knowingly caused or attempted to cause physical harm to his wife.
 {¶ 13} Hutten testified that appellant "smacked" the victim and forced her to the ground. According to Hutten, the victim was yelling at appellant to "get off" her. Hutten did not know whether appellant used an open or a closed hand, but believed that appellant struck the victim in the face. Hutten testified that the parties were not engaging in "horseplay."
 {¶ 14} Chief Kilburn testified that appellant admitted striking the victim. According to Chief Kilburn, the victim had a "big red mark" on her head, which was swollen. He testified that he "[e]ven had the life squad look at it," because it was "pretty severe." Officer Rigby of the Hamilton Township Police Department also testified that appellant admitted striking the victim.
 {¶ 15} Based on the above testimony in the record, we overrule appellant's second assignment of error. The state presented sufficient evidence to support appellant's conviction for domestic violence. A rational trier of fact could have found that appellant knowingly caused or attempted to cause physical harm to a family or household member.
 {¶ 16} Assignment of Error No. 3:
 {¶ 17} "THE JUDGMENT OF CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 18} A court considering whether a conviction was against the manifest weight of the evidence must review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of the witnesses. Hancock, 2006-Ohio-160, at ¶ 39. The question is whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See id.;Thompkins, 78 Ohio St.3d at 387. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id.
 {¶ 19} Three witnesses testified for the state at trial: Hutten, Chief Kilburn, and Officer Rigby. No witnesses testified for the defense. As discussed under appellant's second assignment of error, Hutten testified that he saw appellant strike the victim. Further, Chief Kilburn and Officer Rigby testified that appellant admitted striking the victim. Chief Kilburn testified about the victim's injuries. As discussed under appellant's first assignment of error, the court could infer from Hutten's testimony that the victim was appellant's wife.
 {¶ 20} Based on the above evidence in the record, we do not find that the county court clearly lost its way and created a manifest miscarriage of justice in convicting appellant of domestic violence. The weight of the evidence indicates that appellant knowingly caused or attempted to cause physical harm to a family or household member. Accordingly, we overrule appellant's third assignment of error.
 {¶ 21} Having overruled appellant's three assignments of error, we affirm the judgment of the county court.